# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# AMARILLO DIVISION

| | |
|---|---|
| CECLIA GARCIA INDIVIDUALLY AND § <br> AS, REPRESENTATIVE OF THE ESTATE § <br> OF FRED GARCIA, JR., DECEASED § <br> § <br> Plaintiffs, § <br> § <br> VS. § <br> § <br> GENERAL MOTORS COMPANY, § <br> § <br> Defendant. § | CIVIL ACTION NO. _____ |

## PLAINTIFFS' ORIGINAL COMPLAINT

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE OF SAID COURT:**

COMES NOW, CECLIA GARCIA INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF FRED GARCIA, JR., DECEASED (hereinafter referred to as "Plaintiffs"), and respectfully file this Original Complaint against GENERAL MOTORS COMPANY (hereinafter referred to as "Defendant"), and in support hereof would state and show the following:

### A. Parties

1. Plaintiff Ceclia Garcia Individually and as Representative of the Estate of Fred Garcia, deceased. She resides in and is a citizen of Clayton, New Mexico.

2. Defendant General Motors Company is a foreign Corporation doing business in Texas and service of process upon this Defendant may be had by serving its registered agent for service, CT Corporation at 350 N. St. Paul Street, Suite 2900, Dallas, Texas 75201.

## B. Jurisdiction

3. This Court has jurisdiction over the lawsuit under the provisions of 28 U.S.C. Section 1332. The parties to this lawsuit are citizens of different states, and the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

## C. Facts

4. On or about August 22, 2009, Fred Garcia, Jr. was driving a 2001 GMC Sierra (VIN# 1GTEK14TX1Z107130) traveling northbound on fm3110 in Dallam County, Dalhart, Texas when he lost control of his vehicle and ultimately rolled over.

5. At the time of the accident, Fred Garcia, Jr. was properly wearing his 3-point seat belt.

6. However, despite being properly restrained, Mr. Garcia sustained fatal injuries when his vehicle failed to protect him.

## D. Cause(s) of Action As To Defendant General Motors Company

7. It was entirely foreseeable to and well-known by the Defendant that accidents and incidents involving its vehicles, such as occurred herein, would on occasion take place during the normal and ordinary use of said vehicle.

8. The injuries and damages complained of herein occurred because the vehicle in question was not reasonably crashworthy, and was not reasonably fit for unintended, but clearly foreseeable, accidents. The vehicle in question was unreasonably dangerous in the event it should be involved in an incident like occurred herein.

9. Defendant designed, manufactured, marketed, assembled, and/or tested said vehicle in question to be unreasonably dangerous and defective within the meaning

of Section 402(A) Restatement (Second) Torts in that the vehicle was unreasonably dangerous as designed, manufactured, assembled, marketed, and/or tested because Defendant knew of the following defects:

    a.    the seatbelt webbing tore apart and allowed the restrained driver to be ejected;
    b.    the restraint system failed to provide adequate occupant protection;
    c.    the restraint system violated principles of crashworthiness by failing to provide adequate restraint and failing to prevent ejection;
    d.    the restraint system failed to provide proper restraint;
    e.    the restraint system failed to serve the purpose of a restraint;
    f.    the restraint system violated FMVSS 209;
    g.    the restraint system violated SAE J4C

10. Defendant was negligent in the design, manufacture, assembly, marketing, and/or testing of the vehicle in question.

11. The foregoing acts and/or omissions of Defendant were a producing and/or proximate cause of the Plaintiffs' damages.

12. The foregoing acts and/or omissions of Defendant were a producing and/or proximate cause of Fred Garcia, Jr.'s fatal injuries.

### E. Damages To Plaintiffs

13. As a result of the acts and/or omissions of Defendant, Decedent Fred Garcia, Jr. endured pain and suffering and extreme emotional distress prior to his death and these damages survive him through his Estate.

14. As a result of the acts and/or omissions of Defendant, Plaintiff Ceclia Garcia has become obligated to pay reasonable and necessary medical, funeral and burial expenses in the past and in all likelihood will into the future as a result of the fatal injuries to her husband, Fred Garcia, Jr.

15.     As a result of the acts and/or omissions of Defendant, Decedent Fred Garcia, Jr., has suffered a loss of enjoyment of life and has experienced a total loss of earning capacity in the future.

16.     As a result of the acts and/or omissions of Defendant, Plaintiff Ceclia Garcia has experienced pain and suffering, extreme emotional distress, mental anguish and loss of consortium in the past and in all likelihood will into the future as a result of the fatal injuries to her husband, Fred Garcia, Jr.

17.     The above and foregoing acts and/or omissions of Defendant, resulting in the fatal injuries to Fred Garcia, Jr., have caused actual damages to Plaintiffs in an amount within the minimum jurisdictional limits of this Court.

### **F. Prayer**

18.     For the reasons presented herein, Plaintiffs prays that the Defendant be cited to appear and answer, and that upon a final trial of this cause, Plaintiffs recover judgment against Defendant for:

   a.   economic and non-economic damages;
   b.   prejudgment and post-judgment interest beginning August 22, 2009;
   c.   costs of suit; and
   d.   all other relief the Court deems proper.

Respectfully submitted,

**The TRACY firm**

/s/ E. Todd Tracy_____
E. Todd Tracy (Lead Counsel)
State Bar No. 20178650
ttracy@vehiclesafetyfirm.com
I. Scott Lidji
State Bar No. 24000336
slidji@vehiclesafetyfirm.com
5473 Blair Road, Suite 200
Dallas, Texas 75231
(214) 324-9000 Phone
(972) 387-2205 Fax

**ATTORNEYS FOR PLAINTIFFS**

PLAINTIFFS' ORIGINAL COMPLAINT
PAGE 5 OF 5